UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KEVIN HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-1206-JMS-DML |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint, Dismissing Claims
and Directing Further Proceedings**

**I.**

Plaintiff Kevin E. Hudson, an inmate at the Plainfield Correctional Facility, filed this civil action alleging that he has been provided constitutionally inadequate or delayed medical care by Corizon Medical Services, Dr. Richard A. Tanner, Marla Gadberry and John Dallas for his ailments including genital warts and staph infection.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S.Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that

filed by Kevin Hudson, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

Applying the standard set forth above certain claims are dismissed while other claims shall proceed as submitted.

Hudson's **claims against the Indiana Department of Corrections ("IDOC") are dismissed.** Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not Apersons@ subject to suit pursuant to 42 U.S.C. ' 1983 under the circumstances alleged in Hudson's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

**Claims against Superintendent Brian Smith are dismissed** for failure to state a claim upon which relief may be granted. The alleged failure of this defendant to respond to letters or complaints about the conditions of Hudson's confinement is not sufficient to bring them into the zone of liability under ' 1983, because "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Hudson's allegations do not suggest a plausible basis for concluding that this supervisory defendants caused or participated in the alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983).

**Any state law claims thought to be brought in this action or any claims based on the theory that certain policies of the Plainfield Correctional Facility violated the plaintiff's constitutional rights are summarily dismissed because they are factually undeveloped.** "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

The plaintiff=s request that this action proceed as a **class action is denied.** He is entitled to proceed on his own behalf and to assert only his own claims, not those of others.

**Any due process or equal protection claims asserted pursuant to the Fifth or Fourteenth Amendment are dismissed.** Hudson's claims are

sufficiently based on the protections afforded by the First and Eighth Amendments to the Constitution. There is no occasion to invoke the important but limited protections of due process and equal protection. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

### III.

Hudson's claims that he was provided constitutionally inadequate or delayed medical care by Corizon Medical Services, Dr. Richard A. Tanner, Marla Gadberry and John Dallas for his genital warts and staph infection in violation of the Eighth Amendment shall **proceed as submitted**. His claim of retaliation by these defendants in violation of the First Amendment shall also proceed.

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 09/18/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

KEVIN HUDSON
922839
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Corizon Medical Services
12647 Olive Blvd.
St. Louis, MO 63141

Dr. Richard A. Tanner
Plainfield Correctional Facility
727 Moon Rd.
Plainfield, IN 46168

Marla Gadberry
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838

John Dallas
Indiana Department of Correction
E-334, 302 West Washington Street
Indianapolis, IN 46204