UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN HUDSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:12-cv-1206-JMS-DML |
| CORIZON MEDICAL SERVICES, *et al.*, | ) ) ) |
| Defendants. | ) |

**Entry Granting Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment is **granted**. [Dkt. 53.]

**Background**

Plaintiff Kevin Hudson is incarcerated at the Plainfield Correctional Facility. In his complaint, Mr. Hudson alleges that the defendants violated his civil rights by failing to provide him with adequate medical care and failing to adequately investigate his allegations related to his medical conditions. His claims are brought pursuant to 42 U.S.C. § 1983. The defendants deny Mr. Hudson's allegations and seek summary judgment on their affirmative defense that Mr. Hudson failed to properly exhaust his administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act.

After the motion for summary judgment was fully briefed, Mr. Hudson filed an untimely surreply. The defendant's motion to strike the surreply [Dkt. 66] is **denied as unnecessary** because the surreply was considered only to the extent that it complies with Local Rule 56-1(d) and it need not be stricken from the record.

**Discussion**

*A. Standard of Review*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prisoner Litigation Reform Act ("PLRA"), which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that

the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Hudson failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

*B. Material Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c),[1] the following facts, construed in the manner most favorable to Mr. Hudson as the non-movant, are undisputed for purposes of the motion for summary judgment:

1. At all times relevant to Mr. Hudson's Complaint, he was incarcerated at the Plainfield Correctional Facility.

2. Mr. Hudson alleges that Defendants failed to provide him adequate medical care for his genital warts from July 21, 2011 through August 23, 2012.

3. The Offender Grievance Program at the Plainfield Correctional Facility is a process for inmates to file grievances in an attempt to reach an early resolution of issues. After

---

[1] Mr. Hudson states that the affidavit submitted by Charles Penfold in support of certain facts is incorrect and misleading. Mr. Hudson does not identify any fact, however, with which he disagrees, nor does he submit evidence to contradict the testimony of Mr. Penfold. This disagreement (in the form of argument) is insufficient to create an issue of material fact.

an offender has attempted to informally resolve his grievance he may pursue the two-step formal grievance process which involves an initial grievance and an appeal.

4.   A grievance must be filed within twenty (20) working days of the alleged incident. Under the Offender Grievance Program, an offender may grieve issues or complaints regarding medical treatment.

5.   On December 26, 2011, Mr. Hudson wrote a letter to Ms. Marla Gadberry outlining his concerns in detail about the lack of health care he was receiving. Dkt. 60-3 at p. 1. Ms. Gadberry responded.

6.   Mr. Hudson filed a grievance on January 13, 2012; however, it was returned to him on January 17, 2012, for failure to complete the informal grievance process. Mr. Penfold included a Return of Grievance form advising Mr. Hudson of the following:

> There is no indication that you tried to resolve this complaint informally. If you have tried to resolve it informally, please fill out the grievance form to indicate that. If you have not tried to resolve it informally, you have five days to begin that process. . . . Resolved/Denied medical.

Dkt. 55-3 at p. 6.[2] Mr. Hudson did not re-file his grievance nor did he file an appeal.

*C. Analysis*

The defendants argue that Mr. Hudson failed to comply with the requirements of Plainfield Correctional Facility's administrative grievance procedures. Specifically, Mr. Hudson

---

[2] Mr. Hudson appears to loosely allege that this Return of Grievance form "is not one and same [sic] grievance that is before the Honorable Court." Mr. Hudson fails to indicate how this form allegedly differs from the one that is before the Court, as this is the only return of grievance form, relating to Mr. Hudson, presented to the Court as evidence. Mr. Hudson's failure to identify any alleged material difference between the return of grievance form filed in this case and whatever other form Hudson is referencing, does not meet his burden to show an issue of material fact. In addition, there is no evidence to support Hudson's assertion that there is more than one return of grievance form for this Court to consider.

failed to complete either step of the formal grievance process. Specifically, he failed to fill out the grievance form to indicate that he had tried to resolve his grievance informally as directed in the return of grievance form and to file an appeal. In response, Mr. Hudson argues that he did attempt to informally resolve his grievance and that he believed that the return of grievance form indicated that his grievance had been denied. If this is the case, the defendants argue that Mr. Hudson should have filed an appeal of his grievance, but he did not.

Mr. Hudson appears to argue that he should be excused from filing an appeal because Mr. Penfold, a grievance officer at Plainfield Correctional Facility, did not personally hand him an appeal form or personally explain the grievance process to him. It is true that prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006). Mr. Hudson, however, does not contend that he was unable to obtain a grievance appeal form or that Mr. Penfold gave him false information about the grievance process. There is no evidence upon which this Court could conclude that Mr. Hudson attempted to turn in an appeal and was unable to do so due to the hindrance of any employee or staff. *See Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir. 2005) ("Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in the lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.") (internal quotation marks and citations omitted)). *See also Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir. 2002) ("It is well-settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact.").

To the extent that Mr. Hudson suggests that his lack of awareness of the grievance

process excused him from complying with the PLRA, 42 U.S.C. § 1997e(a), he is mistaken. The statute "says nothing about a prisoner's subjective beliefs, logical or otherwise about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), *quoted in Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007). Administrative remedies were available and it was ultimately Mr. Hudson's responsibility to timely exhaust those remedies, which he failed to do. Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole,* 438 F.3d at 809.

The defendants have met their burden of proving that Mr. Hudson "had available remedies that [he] did not utilize." *Dale,* 376 F.3d at 656. Mr. Hudson has not identified a genuine issue of material fact supported by admissible evidence which suggests that he was thwarted by Mr. Penfold or other prison staff in his attempts to complete the grievance process. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Hudson's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

For the reasons explained above, the motion for summary judgment [Dkt. 53] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/22/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Kevin Hudson
922839
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168